UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NORMAN CRONEY,

        Plaintiff,

-v-                                      22-CV-1012 (JLS)

DEPARTMENT OF CORRECTIONS,
ELMIRA (CHEMUNG) 3RD DEPT,

        Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Norman Croney, a prisoner, commenced this action on December 28, 2022 seeking relief pursuant to 42 U.S.C. § 1983. *See* Dkt. 1. He alleges that Defendants violated his Eighth Amendment rights while he was incarcerated at the Elmira Correctional Facility ("Elmira") by failing to protect him from an attack by another inmate. *See id.* Also before the Court are Plaintiff's Motions for leave to proceed *in forma pauperis*, Dkt. 2, and to appoint counsel. Dkt. 4.

Plaintiff has met the statutory requirements to proceed pursuant to 28 U.S.C. § 1915(a) and has submitted a signed authorization. His request to proceed *in forma pauperis* is, therefore, granted. The Court has also conducted an initial review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and, for the reasons discussed below, the Complaint is dismissed with leave to amend. Lastly, Plaintiff's motion to appoint counsel is denied as premature.

## DISCUSSION

I.  **LEGAL STANDARD**

Section 1915 provides "an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b)(1)-(2).

In evaluating a complaint, the court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Specific facts "are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases"). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements

of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

To state a claim under 42 U.S.C. § 1983, "the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). Section 1983 itself "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

To establish liability against an official under Section 1983, a plaintiff must allege that the individual was personally involved in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal citation omitted). Instead, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* (internal citation omitted).

## II. PLAINTIFF'S COMPLAINT

Plaintiff brings suit against Elmira and the New York State Department of Corrections and Community Supervision ("DOCCS"). His claims are based on the following allegations.

On September 17, 2021, Plaintiff was involved in a fight with another inmate at Elmira. *See* Dkt. 1 at 3. After the fight was broken up, both inmates were taken to the medical unit and then back to their cells for 72 hours of "keeplock" confinement. *Id.* When the keeplock was over, Plaintiff and the other inmate continued to attend "program" together and were sent to "chow" and the recreation yard together. *Id.* According to Plaintiff, DOCCS "refused to separate them." *Id.*

A "week later on September 24, 2021," Plaintiff was escorted from the night recreation yard by two corrections officers ("COs") with 20 to 30 other inmates, including the inmate with whom Plaintiff fought on September 17. *Id.* Plaintiff was at the front of the line, and right before he entered the housing area, an inmate "cut" him "from behind . . . across the upper right side of [his] face." *Id.* at 3-4. Plaintiff then "stood to the side of the line leaking blood and wait[ing] for the only [two] officers," who had remained "at the back of the line." *Id.* at 4. He was escorted first to the medical unit, where the cut "was attended to" and pictures were taken, and then to the emergency room, where he "waited [four] hours for a doctor to give [him] 14 stitches." *Id.* Plaintiff contends that DOCCS was aware that there would be retaliation for the fight on September 17, but failed to separate him from the other inmate. *Id.*

## III. FAILURE TO PROTECT CLAIM

To the extent Plaintiff seeks to assert a claim under a failure to protect theory, the claim must be dismissed. The "Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their

4

custody." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 830 (1994)). Moreover, under Section 1983, "prison officials are liable for harm incurred by an inmate if the officials acted with 'deliberate indifference' to the safety of the inmate." *Id.* (internal citation omitted). However, "to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice." *Id.*

The "test for deliberate indifference is twofold." *Id.* First, "the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* Second, "the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent." *Id.* The "second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry." *Id.* Specifically, "a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Id.*

For a plaintiff "to state a claim for deliberate indifference based on a failure to protect him, he must allege that corrections officers knew of and disregarded a particular risk to his safety." *Parris v. New York State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013). Courts "routinely deny deliberate indifference claims based upon surprise attacks." *Id.* (citation omitted). As such, the plaintiff "must allege that the defendants knew of a prior altercation between the plaintiff and his attacker, or of threats that had been made against the plaintiff." *Id.*

Here, Plaintiff fails to state a viable claim. According to Plaintiff, Elmira staff members were aware of the previous altercation between Plaintiff and the other inmate because the fight was broken up by corrections officers and both inmates were taken to the medical unit. *See* Dkt. 1 at 4. He further alleges that the facility "refused" to separate him from the other inmate, who was placed in the recreation yard with him on the night that he was attacked. *See id.* at 3. And, as noted above, Plaintiff asserts that they were in a line of 20-30 inmates with only two officers, who were both positioned at the end of the line. *See id.* Liberally construed, Plaintiff has alleged adequately that he was incarcerated under conditions posing a substantial risk of serious harm.

Plaintiff has not, however, named a defendant with personal involvement in the alleged refusal to separate him from the other inmate. Therefore, Plaintiff has not established that any defendant had sufficient culpable intent for purposes of showing deliberate indifference. Plaintiff is granted leave to amend his complaint to allege facts, if any, to demonstrate the requisite personal involvement.

## IV.   DEFENDANTS DOCCS AND ELMIRA

The only Defendants named in this action are DOCCS and Elmira. But Plaintiff's Section 1983 claims against these Defendants must be dismissed as barred by the doctrine of Eleventh Amendment immunity. As a "general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states Eleventh Amendment immunity when acting pursuant to its authority under

Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal citation omitted). This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief, *see Green v. Mansour*, 474 U.S. 64, 72-74 (1985), and "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal citation omitted).

Congress has not abrogated the states' immunity for claims under § 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). And as arms of the State, DOCCS and Elmira enjoy "the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Ct. Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). Plaintiff's claims against these Defendants, therefore, are dismissed.

## CONCLUSION

Plaintiff's Motion to proceed *in forma pauperis* (Dkt. 2) is granted. The claims against DOCCS and Elmira are dismissed as barred by Eleventh Amendment immunity. Plaintiff's failure to protect claim will be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) unless he files an amended complaint by **March 18, 2024** in which he includes the necessary allegations, only as indicated above, in a manner that complies with Rules 8 and 10

of the Federal Rules of Civil Procedure. Plaintiff's Motion to appoint counsel (Dkt. 4) is denied, without prejudice, as premature.

Plaintiff is advised "that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). Therefore, an amended complaint must contain all allegations and name as a defendant any prison officials with personal involvement. If Plaintiff does not know the identity of a defendant, he may designate them John or Jane Doe and should include as much identifying information as possible.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's Motion to proceed *in forma pauperis* is granted;

FURTHER, that the Clerk of Court is directed to send Plaintiff, with this Order, a copy of the Complaint, a blank Section 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that if Plaintiff does not file an amended complaint as directed above, the Clerk of Court shall close this case as dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) without further order;

FURTHER, that if the Complaint is dismissed because Plaintiff does not file an amended complaint as directed above, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.

*Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED:      February 1, 2024
            Buffalo, New York

                                        _____
                                        JOHN L. SINATRA, JR
                                        UNITED STATES DISTRICT JUDGE